IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| MIKE KURT CHILINSKI, | CV 14-00077-H-DLC-RKS |
|---|---|
| Plaintiff, | |
| vs. | |
| THE HUMANE SOCIETY OF THE UNITED STATES, AND ITS AGENTS ADAM PARASCANDOLA, WENDY HERGENRAEDER AND DOE AGENTS: THE LEWIS AND CLARK HUMANE SOCIETY, GINA WIEST, DIRECTOR AND DOE AGENTS AND VOLUNTEERS, THE JEFFERSON COUNTY SHERIFF'S DEPT, CRAIG DOOLITTLE, CHAD MCFADDEN, DEAN HILDEBRAND AND DOE "AGENTS" AND VOLUNTEERS, THE JEFFERSON COUNTY ATTORNEY'S OFFICE AND DOE AGENTS INCLUDING MATHEW J. JOHNSON; HON. LOREN TUCKER, HON. DENNIS GUILO, THE HELENA INDEPENDENT RECORD AND DOE AGENTS, THE ANIMAL CENTER, EDWARD NEWMAN, AND 3 UNNAMED VETERINARIANS, | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| Defendants. | |

Plaintiff Mike Chilinski has filed a proposed Complaint and a Motion to Proceed in Forma Pauperis. Docs. 1, 2. The Motion to Proceed in Forma Pauperis will be granted. Mr. Chilinski alleges Defendants violated his rights under the

1

Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Doc. 2 at 10. Mr. Chilinski also raises several tort claims. Doc. 2-1 at 6-7. Mr. Chilinski's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## I.  JURISDICTION

Mr. Chilinski filed this action in federal court, in the Great Falls Division of the District of Montana. Doc. 2. The action was transferred to the Helena Division of the District of Montana. Doc. 4. Venue is proper, as he alleges wrongs committed in Jefferson County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are "found" in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b)(1). Read liberally, the Amended Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Chilinski submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Doc. 1. Mr. Chilinski may proceed in forma pauperis. 28 U.S.C. § 1915(a).

Because he is incarcerated, Mr. Chilinski must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). However, he may proceed with his case and pay in monthly installments. Mr. Chilinski submitted an account statement showing average monthly deposits of $45.33 over the six-month period between April 14, 2014, and October 14, 2014. Therefore, Mr. Chilinski must pay an initial partial filing fee of $9.07. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the agency having custody of Mr. Chilinski to collect the initial partial filing fee from Mr. Chilinski's account and forward it to the Clerk of Court.

Thereafter, Mr. Chilinski must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Mr. Chilinski to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. STATUS

Mr. Chilinski is a prisoner in the custody of the State of Montana. Pursuant to the federal statutes governing proceedings in forma pauperis and cases filed by prisoners, federal courts must screen a case to assess the merits of the claims. 28

U.S.C. §§ 1915(e)(2), 1915A(a). Accordingly, the Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), § 1915A. If so, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2), 1915A(b). This is that review.

### IV. STANDARDS

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

The court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. A district court, however, should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**Challenge to Conviction**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id*. at 486-87. A plaintiff bringing a civil rights complaint under § 1983

cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

**Res Judicata**

Res judicata "prohibits lawsuits on any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks omitted; emphasis in original). "[A] final judgment on the merits of an action precludes the parties or the privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). Res judicata bars a later suit where the previous suit: (1) involved the same "claim" as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies. *Nordhorn v. Ladish Co., Inc.,* 9 F.3d 1402, 1404 (9th Cir. 1993).

**Judicial Immunity**

A judge is generally immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). A judge is not immune for nonjudicial actions or for actions taken in the complete absence of all jurisdiction. *Id*. at 11.

**Prosecutorial Immunity**

6

Prosecuting attorneys "are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (internal citations omitted)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986)).

**Duty to Protect**

There is, in general, no constitutional duty of state and local governmental entities and their agents to protect members of the public at large from crime. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 700 (9th Cir. 1990); *DeShaney v. Winnebago Co. Dept. Of Soc. Servs.*, 489 U.S. 189, 199-201 (1989). This general rule is modified by two exceptions: (1) the "special relationship" exception; and (2) the "danger creation" exception. *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992). If a state has created a special relationship with a person, as in the case of custody or involuntary hospitalization, the state may be liable under a due process theory, premised on an abuse of that special relationship. *Id*. A state may be liable under the "danger creation" exception if the state placed the plaintiff in danger by its affirmative conduct. *Id*.

### V. STATEMENT OF THE CASE

### A. Parties

Mr. Chilinski is proceeding without counsel. He is incarcerated at Crossroads Correctional Center in Toole County, Montana. The proposed Complaint names as Defendants the Humane Society of the United States and its agents Adam Parascandola and Wendy Hergenraeder, the Lewis and Clark Humane Society, Gina Wiest, Lewis and Clark Humane Society volunteers, the Jefferson County Sheriff's Department, Sheriff Craig Doolittle, Deputy Sheriff Chad McFadden, Deputy Sheriff Dean Hildebrand, the Jefferson County Attorney's Office, County Attorney Matthew J. Johnson, Hon. Loren Tucker, Hon. Dennis Guilo, the Helena Independent Record, the Animal Center, Dr. Edward Newman, three unnamed veterinarians, and "Doe agents and volunteers." Mr. Chilinski did not include the Jefferson County Commissioners, the Alaskan Malamute Club of America, and Robert Sullivan in the caption, but he lists them as parties in the Complaint. Doc. 2 at 5-7.

### B. Allegations

The Complaint is over 40 pages long, and the convoluted narratives and numerous legal conclusions render the Complaint nearly incomprehensible. For purposes of this review, factual allegations in the Complaint are presumed to be true. Unsupported legal conclusions, however, are disregarded.

Mr. Chilinski bred Malamutes for many years. In October 2011, Defendant McFadden applied for and obtained a warrant to search Mr. Chilinski's kennels and home. The warrant was issued to Defendant McFadden and "any and all agents he may require." To execute the warrant, the Jefferson County Sheriff's Office obtained the assistance of law enforcement from other jurisdictions, the Humane Society of the United States, local animal shelter volunteers, and two volunteer veterinarians. Doc. 2-1 at 6, 29; *State v. Chilinski*, 330 P.3d 1169, ¶¶ 8-12 (Mont. 2014). Mr. Chilinski alleges police officers left his gate open after conducting the search, which resulted in a theft. Doc. 2-1 at 16.

Essentially, Mr. Chilinski complains about the participation of volunteers in the execution of the October 2011 search warrant, the dissemination of confidential criminal justice information, and the seizure and forfeiture of his dogs. Doc. 2 at 10; Doc. 2-1 at 1-3, 6, 26.

Mr. Chilinski alleges Defendants violated his constitutional rights to be free from unreasonable searches, due process, a fair trial, an impartial judge, and equal protection. Doc. 2 at 10. He also raises claims of invasion of privacy, collusion, abuse of process, negligence, defamation, libel, and intentional infliction of emotional distress. Doc. 2-1 at 1, 6-7, 9.

## VI. ANALYSIS

**Challenge to Conviction**

Mr. Chilinski challenged his conviction in state court, and the Montana Supreme Court upheld his conviction in an August 2014 opinion. *Chilinski*, 330 P.3d 1169. As Mr. Chilinski's conviction was upheld as recently as August 5, 2014, it has not been reversed, declared invalid, expunged, or call into question. To the extent Mr. Chilinski seeks to challenge the validity of his state conviction, his claims are barred by the *Heck* doctrine.

**Res Judicata**

The claims brought in the state action are the same as many of the claims raised herein. In both actions, Mr. Chilinski takes issue with the volunteer assistance provided in the execution of the search warrant, the dissemination of confidential criminal justice information, and the seizure and forfeiture of his dogs. *Chilinski*, 330 P.3d at ¶23; Doc. 2-1 at 2, 10, 21-22. The Montana Supreme Court addressed these arguments on the merit. The court distinguished this case from *Wilson v. Layne*, 526 U.S. 603 (1999), and held the participation of volunteers in the execution of the search warrant did not violate Chilinski's constitutional rights. The court concluded that, to the extent there was confidential criminal justice information disseminated, the volunteers were authorized by law to receive such information. The court also determined the search warrant's direction to seize

"any and all dogs" was not unconstitutionally broad and the district court did not abuse its discretion in requiring Chilinski to forfeit all of his dogs. *Chilinski*, 330 P.3d at ¶¶ 22, 25, 28, 37. The actions involve the same parties or their privies. *See U.S. v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (citations omitted) (courts are not bound by rigid definitions of parties or their privies for purposes of applying res judicata; res judicata barred claims when the Environmental Protection Agency and Washington Department of Ecology's interests were identical and their involvement was sufficiently similar). Thus, Mr. Chilinski's claims regarding the volunteer assistance provided in the execution of the search warrant, the dissemination of confidential criminal justice information, and the seizure and forfeiture of his dogs are barred by res judicata.

**Immunity**

Mr. Chilinski's Complaint names two judges, a county attorney, and the Jefferson County Attorney's Office as Defendants. Mr. Chilinski has failed to show the judges took nonjudicial actions or took actions beyond their jurisdiction. *See Mireles*, 502 U.S. at 11. He has likewise failed to overcome prosecutorial immunity because prosecuting attorneys are absolutely immune for their conduct in initiating a case. *Burns*, 500 U.S. at 486 (internal quotation omitted). Accordingly, Defendants Hon. Loren Tucker, Hon. Dennis Guilo, the Jefferson

County Attorney's Office, and Mathew Johnson are immune from suit and should be dismissed.

**Duty to protect**

Mr. Chilinski alleges police officers violated their duty to protect him from crime by leaving his gate open, which allegedly resulted in a theft. Doc. 2-1 at 16. Law enforcement officers have no duty to protect members of the public from crime. Mr. Chilinski has not alleged a "special relationship" that would create a duty to protect, nor has he alleged that the officers acted with deliberate indifference to place him in danger of a crime. *Wood v. Ostrander*, 879 F.2d 583, 588 (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)) ("[M]ere lack of due care . . . is 'quite remote' from the fourteenth amendment's purpose of redressing abuses of power by state officials.'"). He fails to state a claim for failure to protect, and these allegations should be dismissed.

**State Law Claims**

Mr. Chilinski seeks to pursue Montana state law claims, such as defamation, libel, and intentional infliction of emotional distress. The Court should decline to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction").

## VII. CONCLUSION

### A. Leave to Amend

To the extent Mr. Chilinski challenges his conviction, his claims are barred by *Heck*. This defect cannot be cured by the allegation of additional facts.

All claims regarding the issuance and execution of the October 2011 search warrant, dissemination of confidential criminal justice information, and seizure and forfeiture of Mr. Chilinski's dogs should be dismissed. As these claims are barred by res judicata, the allegation of additional facts would not cure the defect.

The Jefferson County Attorney's Office, Mathew Johnson, Hon. Loren Tucker, and Hon. Dennis Guilo should be dismissed. These Defendants are immune from suit. This is not a defect that could be cured by the allegation of additional facts.

Mr. Chilinski's claim regarding a police officer's duty to protect him from crime fails to state a claim and should be dismissed. The allegation of additional facts would not cure the defects.

The Court should not exercise supplemental jurisdiction over Mr. Chilinski's state law claims.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing in forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated as a "strike" under this provision because Mr. Chilinski's allegations fail to state a claim upon which relief may be granted.

### C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S.

at 445). For purposes of Section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 109 S.Ct. 1827 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Chilinski has failed to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

It is **ORDERED:**

1. Mr. Chilinski's Motion to Proceed in Forma Pauperis (Doc. 1) is granted.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed October 14, 2014.

3. At all times during the pendency of this action, Mr. Chilinski MUST IMMEDIATELY ADVISE the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

It is **RECOMMENDED:**

1. Mr. Chilinski's Complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this

15

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Chilinski's failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO
FINDINGS & RECOMMENDATIONS AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Chilinski may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.[1] Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[1] As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 29th day of December, 2014.

   /s/ Keith Strong

Keith Strong
United States Magistrate Judge