
FILED
MAY 01 2015
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MIKE KURT CHILINSKI,<br><br>Plaintiff,<br><br>vs.<br><br>THE HUMANE SOCIETY OF THE UNITED STATES, AND ITS AGENTS ADAM PARASCANDOLA, WENDY HERGENRAEDER AND DOE AGENTS: THE LEWIS AND CLARK HUMANE SOCIETY, GINA WIEST, DIRECTOR AND DOE AGENTS AND VOLUNTEERS, THE JEFFERSON COUNTY SHERIFF'S DEPT, CRAIG DOOLITTLE, CHAD MCFADDEN DEAN HILDEBRAND AND DOE "AGENTS" AND VOLUNTEERS, THE JEFFERSON COUNTY ATTORNEY'S OFFICE AND DOE AGENTS INCLUDING MATHEW J. JOHNSON; HON. LOREN TUCKER. HON. DENNIS GUILO, THE HELENA INDEPENDENT RECORD AND DOE AGENTS, THE ANIMAL CENTER, EDWARD NEWMAN, AND 3 UNNAMED VETERINARIANS,<br><br>Defendants. | CV 14–77–H–DLC<br><br>ORDER |

United States Magistrate Judge R. Keith Strong entered his Findings and

Recommendation on December 29, 2014 recommending that Chilinski's

Complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted. Chilinski objected to the Findings and Recommendation on January 12, 2015, and so the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons listed below, the Court adopts Judge Strong's Findings and Recommendation in full.

Chilinski filed this 42 U.S.C. § 1983 action alleging that the search of his kennels and home, and the seizure of his dogs, by the Jefferson County Sheriff's Office, Humane Society of the United States, local animal shelter volunteers, and two volunteer veterinarians, violated his constitutional rights to be free from unreasonable searches, due process, a fair trial, an impartial judge, and equal protection. Chilinski further alleged claims of invasion of privacy, collusion, abuse of process, negligence, defamation, libel, and intentional infliction of emotional distress. Judge Strong found that Chilinski's challenges to his conviction in state court are barred by the *Heck* doctrine, the claims he seeks in this Court that are the same as claims brought in the state action are barred by res judicata, the judges and county attorney named as defendants are immune from

suit, police had no duty to protect Chilinski, and that this Court should decline supplemental jurisdiction over Chilinski's remaining state law claims.

Chilinksi filed lengthy objections to Judge Strong's findings and recommendation. First, Chilinski objects to Judge Strong's finding that his claims challenging the validity of his state conviction are *Heck* barred. This Court agrees with Judge Strong that Chilinski has previously challenged his conviction in state court, and the Montana Supreme Court upheld his conviction. *State v. Chilinski*, 330 P.3d 1169 (Mont. 2014). To the extent Chilinski attempts to challenge that conviction, his claims are barred by the *Heck* doctrine.

Chilinski continues to object to the participation of volunteers in the execution of the search warrant, the dissemination of confidential criminal justice information, and the seizure and forfeiture of his dogs. Chilinski pursued these exact same claims in state court, and the Montana Supreme Court addressed them on the merits. Chilinksi objects that the Montana Supreme Court's order disposing of his claims is not final because he is in the processing of appealing it to the United States Supreme Court. The Montana Supreme Court's opinion dated August 5, 2014 is final for purposes of Chilinski's appeal and for purposes of res judicata in this Court. The state court action also involved the same parties or their privies, and as such Chilinksi's claims regarding volunteer assistance during

execution of the search warrant, dissemination of confidential criminal justice information, and the seizure and forfeiture of his dogs are barred by res judicata.

Chilinski next objects to Judge Strong's finding that Defendants Hon. Loren Tucker, Hon. Dennis Guilo, the Jefferson County Attorney's Office, and Mathew Johnson are immune from suit. Chilinski objects, stating that the judges acted beyond their jurisdiction when they allowed for volunteer participation the execution of the search warrant. Chilinksi appears to make similar objections that the prosecuting attorneys should not be absolutely immune for their conduct in initiating this case. As stated above, the Montana Supreme Court has already affirmed that the participation of volunteers did not violate Chilinski's constitutional rights. *Chilinski*, 330 P.3d 1169. Chilinski's objections neither provide facts showing that the judges took nonjudicial actions, or actions beyond their jurisdiction, nor that the prosecuting attorneys should not be immune for their conduct.

Chilinski further objects to Judge Strong's finding that the police officers did not have a duty to protect members of the public from crime. Chilinski's objections do not state facts showing that he had a "special relationship" creating a duty to protect, nor do they allege that the officers acted with deliberate indifference to place him in danger of a crime. *Wood v. Ostrander*, 879 F.2d 583

(9th Cir. 1989). This Court agrees with Judge Strong in finding that Chilinski has failed to state a claim for failure to protect.

Lastly, Chilinski objects to Judge Strong's recommendation that this Court decline to exercise supplemental jurisdiction over his remaining state law claims. Chilinski objects that it would be in error to do so. This Court may decline supplemental jurisdiction if it has dismissed the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Pursuant to this Order, the Court is dismissing all of Chilinski's claims over which it has original jurisdiction and will decline to exercise supplemental jurisdiction over any remaining state law claims.

Chilinski also requests leave to amend in order to allege additional facts to attempt to cure the current defects. However, alleging more facts to challenge his conviction will not overcome the fact that those claims are barred by *Heck*. Similarly, additional facts cannot cure the defects in his claims regarding the issuance and execution of the search warrant, dissemination of confidential criminal justice information, and seizure and forfeiture of his dogs as these claims are barred by res judicata. Lastly, Chilinski has filed lengthy facts in his complaint and objections regarding his claims against the Jefferson County Attorney's Office, Mathew Johnson, Hon. Loren Tucker, Hon. Dennis Guilo and his claims regarding law enforcement's duty to protect him from crime. Chilinski

has failed to overcome immunity and failed to state a claim for protection. The allegation of additional facts would not cure these defects.

Chilinski's Complaint is frivolous as it lacks arguable substance in law or fact. No reasonable person could suppose an appeal would have merit. Chilinski has failed to state a claim upon which relief may be granted, and this dismissal will therefore count as a strike pursuant to 28 U.S.C. § 1915(g).

There being no clear error in Judge Strong's remaining Findings and Recommendation,

IT IS ORDERED that Judge Strong's Findings and Recommendation (Doc. 5) are ADOPTED IN FULL. Chilinksi's Complaint (Doc. 2) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

IT IS FURTHER ORDERED that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff has failed to state a claim and his claims are frivolous.

DATED this 1st day of May, 2015.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court